EVERGREEN CEMETERY ASSOCIATION *vs.* ROBERT H. ARMSTRONG and Wife.

### July 25, 1887.

Evidence—Action for Specific Performance.—The finding of the court that the plaintiff's occupancy and improvement of lands was wholly without the consent and against the will of the vendor, considered to be contrary to the evidence.

Plaintiff brought this action in the district court for Wadena county, for specific performance of an oral agreement for the sale of real property. The action was tried before *Baxter*, J., and judgment directed and entered for defendant, from which the plaintiff appeals.

*B. F. Hartshorn,* for appellant.

*Willson & Stearns,* for respondent.

DICKINSON, J.[1] This case involves the question whether there had been a part-performance of a parol contract for the purchase of land, so as to entitle the plaintiff, as purchaser from the defendants, to a specific performance. The court found that the agreement had been made, and that thereafter the plaintiff entered into possession of and improved the premises; but the court found that such possession had been taken and improvements made without the consent of the defendants, and against their will. From the memorandum of the judge, accompanying the decision, it is apparent that he deemed that the possession during the entire period, and the whole of the improvements, had been against the will of the defendants. As to the defendant Fidelia Armstrong, the wife of the other defendant, the evidence shows that she was not a party to the agreement, and did not consent to the occupancy and improvement; but as to the defendant Robert H. Armstrong, who made the agreement with the plaintiff, we feel satisfied that this finding is contrary to the evidence. It seems probable, if our understanding of the evidence is correct, that the learned judge misunderstood a transaction which took place in October, 1885, when the land was resurveyed, as having taken place in 1883, when a former survey was made.

It appears, without dispute, that within about a week after the making of the agreement, and after the staking out of the land, in which Armstrong took part, the plaintiff entered into possession and commenced clearing the land, and within the following month, June, 1883, it had fenced the land. Armstrong admits in his testimony that he did not object to the fence. After the fence was erected, but when does not more definitely appear, a child was buried there; since then two other burials have been made. It must be taken as undisputed that before the burial of the child the plaintiff had taken possession and made some improvements, without any objection on the part of Armstrong. It is at least doubtful whether the evidence shows any objection until after the burial of the child. However that may be, it is apparent that there was no objection prior to that time, and

[1] Berry, J., because of illness, took no part in this case.

-that Armstrong knew of the fencing at least, if he did not also know --of the other improvements being made.

Deeming this finding erroneous, and as the decision was made to turn upon the facts so found, we think there ought to be a new trial, .at which the case may be more satisfactorily presented.

Judgment reversed.